# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESLEY BRENNAN, | Civil No. 3:15-cv-2092 |
| Plaintiff | (Judge Mariani) |
| v. | |
| KRISTA FISHER, et al., | |
| Defendants | |

## MEMORANDUM

I. **Background**

On October 29, 2015, Plaintiff, Wesley Brennan, an inmate currently confined at the State Correctional Institution, Huntingdon, Pennsylvania, ("SCI-Huntingdon"), initiated the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff's claims relate to his participation in, and purported self-removal from, the sex offender treatment program at SCI-Huntingdon. (*Id.* at pp. 3-6). Plaintiff sets forth claims pursuant to the Eighth and Fourteenth Amendments, as well as state law claims under the Pennsylvania Constitution and various criminal statutes. (*Id.* at pp. 2, 6-10). The named Defendants are Krista Fisher and Christine Neri, Psychological Services Specialists at SCI-Huntindgon, and David Morningstar, previously employed as a Unit Manager at SCI-Huntingdon. (*Id.* at p. 3).

On December 11, 2015, this Court issued an Order directing service of the complaint on all Defendants. (Doc. 10). On February 9, 2016, Defendants filed a motion to dismiss

the complaint. (Doc. 15). Defendants filed a brief in support of the motion to dismiss on February 23, 2016. (Doc. 17).

Presently pending before the Court is Plaintiff's motion for leave to file an amended complaint. (Doc. 19). For the reasons set forth below, the motion to amend will be conditionally granted.

## II.   Discussion

The filing of an amended complaint is governed by Federal Rule of Civil Procedure 15(a):

> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

FED. R. CIV. P. 15(a). This Court's Local Rules require that a proposed amended pleading accompany a motion. *See* M.D. Pa. Local Rule 15.1(a). The "amended pleading must be retyped or reprinted so that it will be complete in itself." *Id.*

The United States Court of Appeals for the Third Circuit has adopted a liberal

approach to the amendment of pleadings in order to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). Amendment, however, is not automatic. *See Breiner v. Litwhiler*, 245 F. Supp. 2d 614, 623 (M.D. Pa. 2003) (citing *Dover Steel Co., Inc. v. Hartford Accident and Indent.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993)). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

Based on the procedural history of this case, the Court finds that Plaintiff may file an amended complaint as a matter of course. Plaintiff filed the original complaint on October 29, 2015. (Doc. 1). On February 9, 2016, Defendants filed a motion to dismiss, and Defendants filed their supporting brief on February 23, 2016. (Docs. 15, 17). Thus, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiff's amended pleading was due on or about March 14, 2016. Plaintiff's motion to amend is dated March 1, 2016 and was received by the Court on March 14, 2016. (Doc. 19). In light of Plaintiff's *pro se* status,

the Court will deem the motion to amend as timely under the provisions of Federal Rule of Civil Procedure 15(a)(1)(B), and grant Plaintiff leave to amend his pleading as a matter of course.

Because Plaintiff did not file a proposed amended complaint along with his motion to amend, the Court will conditionally grant Plaintiff's motion to amend and require him to file a singular, complete, amended complaint for the Court to review and screen pursuant to 28 U.S.C. § 1915. Plaintiff is advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Plaintiff's failure to file an appropriate amended complaint will result in this action proceeding on the original complaint as filed.

### III. Conclusion

Based on the foregoing, Plaintiff's motion (Doc. 19) for leave to file an amended complaint will be conditionally granted. An appropriate order shall issue.

Date: March 23, 2016

Robert D. Mariani
United States District Judge