## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESLEY BRENNAN, | : | Civil No. 3:15-cv-2092 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| KRISTA FISHER, *et al.*, | : | |
| Defendants | : | |

### MEMORANDUM

Plaintiff, Wesley Brennan, an inmate currently confined at the State Correctional Institution, Huntingdon, Pennsylvania, ("SCI-Huntingdon"), initiated the instant action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff's claims relate to his participation in, and purported self-removal from, the sex offender treatment program at SCI-Huntingdon. (*Id.* at pp. 3-6). Plaintiff sets forth claims pursuant to the Eighth and Fourteenth Amendments, as well as state law claims under the Pennsylvania Constitution and various criminal statutes. (*Id.* at pp. 2, 6-10). The named Defendants are Krista Fisher and Christine Neri, Psychological Services Specialists at SCI-Huntindgon, and David Morningstar, previously employed as a Unit Manager at SCI-Huntingdon. (*Id.* at p. 3).

Presently pending before the Court are Plaintiff's motions to appoint counsel. (Docs. 2, 9, 24). Also pending before the Court is Plaintiff's motion for extension of time to file an amended complaint. (Doc. 24). For the following reasons, the motions for appointment of

counsel will be denied without prejudice, and the request for extension of time to file an amended complaint will be granted.

## I.    Motions for Appointment of Counsel

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the Court has discretion "to request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the Court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the case has some arguable merit in fact or law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

(1)    the plaintiff's ability to present his or her own case;
(2)    the difficulty of the particular legal issues;
(3)    the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

2

(4)     the plaintiff's capacity to retain counsel on his or her own behalf;

(5)     the extent to which the case is likely to turn on credibility
        determinations; and

(6)     whether the case will require testimony from expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155-57).  The Third Circuit Court of Appeals added two other

factors to be taken into consideration: (1) the court's willingness to aid the indigent party in

presenting his or her own case; and (2) the available supply of lawyers willing to accept

section 1915(e) requests within the relevant geographic area.  *See Gordon v. Gonzalez*,

232 Fed. Appx. 153 (3d Cir. 2007).

        Assuming that Plaintiff's claims have an arguable basis in law and fact, he fails to set

forth any special circumstances warranting the appointment of counsel.  *See Tabron*, 6 F.3d

at 155-56.  Plaintiff bases his motions on the inability to afford counsel, the alleged

complexity of the case, inability to investigate the facts, limited education and knowledge of

the law, and limited access to the prison law library.  (Docs. 2, 9, 24).  Upon review, the

legal issues herein are relatively simple and may not require expert testimony.

Furthermore, despite his incarceration, investigation of the facts is not beyond Plaintiff's

capabilities and he is familiar with the facts of his case.  Additionally, in his court filings,

Plaintiff demonstrates the ability to present comprehensible arguments and to present his

own case.  *See* (Docs. 2, 9, 16, 19, 24).  It is also noted that this Court does not have a

large group of attorneys who would represent this action in a *pro bono* capacity.

        Based on the foregoing, it does not appear that Plaintiff will suffer prejudice if forced

to prosecute this case on his own. The Court's duty to construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), *Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985), coupled with Plaintiff's apparent ability to litigate this action, militate against the appointment of counsel. Accordingly, the motions for appointment of counsel will be denied, however said denial will be without prejudice. As the Court in *Tabron* stated,

> [A]ppointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court *sua sponte* ... even if it does not appear until trial (or immediately before trial) that an indigent litigant is not capable of trying his or her case, the district court should consider appointment of counsel at that point.

*Tabron*, 6 F.3d at 156-57. Therefore, in the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of Plaintiff.

## II.    Motion for Extension of Time to File an Amended Complaint

By Memorandum and Order dated March 23, 2016 (Docs. 21, 22), the Court conditionally granted Plaintiff's motion (Doc. 19) for leave to file an amended complaint. The amended complaint is presently due on or before April 12, 2016. (Doc. 22). Plaintiff requests an additional thirty (30) days to file his proposed amended complaint. (Doc. 24). In support of his request for an extension of time, Plaintiff indicates that SCI-Huntingdon is on lockdown, and his ability to access legal materials is hindered by the lockdown. (*Id.*). Upon review, Plaintiff's request for an extension of time will be granted.

4

A separate Order shall issue.

Date:  April ____, 2016

Robert D. Mariani
United States District Judge